UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

No. 18-1943


LARRY EVERETT HODGE

v.

UNITED STATES OF AMERICA

U.S.C.A. - 7th Circuit
RECEIVED
MAY 29 2018 LEJ
GINO J. AGNELLO
CLERK

APPLICATION FOR ISSUANCE

OF A CERTIFICATE OF

APPEALABILITY


RELIEF SOUGHT

　　Petitioner Larry Everett Hodge, moves this court for a Certificate of Appealability within the meaning of Section 2353(c) of Title 28 of the United States Code and Rule 22(b) of the Federal Rules of Appellate Procedure.


GROUNDS FOR APPLICATION


Nature of District Court Proceeding


　　On March 31, 2015, Petitioner filed a 2255 Motion with the district court of Southern In. The Petitioner argued in his claims that 1.) his counsel failed to investigate and file motions to suppress photo evidence from Hodge's half sisters cell phone that was illegally obtained by the half sister being an agent of the government without a warrant by the Vanderburgh County Sheriff's Dept prior to calling the

-1-

Evansville Police Dept. (See Stipulated Factual Basis on page one, Ex-A) and 2.) his counsel failed to investigate and file motions to suppress evidence and statements made after the police with no warrant lied for the purpose to gain entry into Hodge's home. The police gained consent to gain entry by lying to Hodge's wife that they were only wanting to talk to Mr. Hodge about being a possible witness to a crime but once in, they immediately seized the Hodge's and was separated by police as stated in the affidavit of probable cause, (See page one of the affidavit of probable cause about being separated,Ex-E) and 3.) his counsel failed to investigate an illegal pre-search and seizure without a warrant, consent, or exigent circumstances that occurred just after the Hodge's were seized and taken out of their home for further interviews. All of the evidence that was already pre-searched and seized such as statements by Hodge's wife, and items such as E-Machine computer with the alleged illegal photo CD in its trey, a silver Kodak camera that was alleged to be used in making the photos and Hodge's cell phone that was alleged to be used to send his half sister the illegal 3rd generation photos to her cell phone and items found in a back room closet hidden in a towel that were alleged used in some of the productions by Mr. Hodge, were all used in bad faith in the warrant affidavit to get a warrant. All of the electronics in the affidavit had serial numbers and make and models of each item, and then there was a silver dildo listed on line No. 7 of the affidavit that was never in any photo sent to his half sister which proves that there was a warrantless search and seizure by the Evansville Police Dept prior to any warrant

issued (See affidavit for a warrant, Ex-Z and 4.) all of these failures by Hodge's counsel had led him to plead guilty when there were many viable suppression motions to be filed that would either have sent Hodge home or drastically reduced his sentence. Instead, Hodge's counsel only focused on getting Hodge scared enough to get him to plead guilty to 115 years when promised 20-25 years by counsel and even coerced Hodge in court to admit to sending illegal photos to other people. (See Hodge's 2255 Memorandum of Law for all the above claims in further detail with case Law).

Procedural Status of Case

An application to the judges of the court of appeals for a certificate of appealability is appropriate at this time because:

1. The district court entered a final, appealable judgment on this matter on 3-16-18 and denied Petitioner relief on his 2255 motion.

2. Petitioner desires to appeal this judgment and he requires a certificate of appealability as a precondition of proceeding with the appeal.

3. A timely notice of appeal was filed in this matter on 4-27-18 as Case No. 18-1943.

4. Petitioner did not file for a issuance of a certificate of appealability in the district due to already being denied a COA in his 2255 judgment (See COA Denial in Hodge's 2255). It was denied because the judge stated that Mr. Hodge has failed to show that reasonable jurists would find it

"debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether the district court was correct in its procedural ruling." The court therefore denies a certificate of appealability.

Argument in Support of Issuance of Certificate of Appealability

Larry Everett Hodge desires to assert on appeal, that the district court erred in its decision by:

1. by not considering the facts that Hodge's half sister became an agent of the government prior to calling the Evansville Police Dept by first receiving instructions from the Vanderburgh County Sheriff's Dept to keep conversation with Hodge on her cell phone to see if she could get any evidence and once she did, she was advised by the same Sheriff's Dept to call the police and report the evidence she accumulated on her cell phone. See Hodge's 2255 Memorandum of Law in support of argument).

2. by not considering whether Hodge took reasonable steps in keeping the alleged illegal photos private on his half sisters cell phone. (See Hodge's 2255 Memorandum of Law in support of argument).

3. ruling in error by not taking into account what the warrant exceptions are. The fact that Hodge's half sister told the police that Hodge was the one sending the alleged illegal photos to her and the fact that Hodge's wife and Hodge himself admitted to knowing about the photos is not a warrant exception. The district court seems to avoid the fact that no

-4-

amount of probable cause can allow the police to pre-search and seize people and things inside the Hodge's home without a warrant, or consent, or exigent circumstances. Probable cause does not give the police the right to lie for the purpose to gain entry to Hodge's home, immediately seize the Hodge's, separate them, get statements from Hodge's wife, and then do a pre-search and seizure gathering serial numbers from computers, the CD disk of the alleged illegal photos in its CD tray, cell phones, and laptops and then pre-search items hidden in the back bedroom closet to use as information for an affidavit for a search warrant. The fact that the affidavit had all the items on it that they found during the pre-search tells the whole story. (See Hodge's Memorandum of Law in support of argument)

4. ruling in error in speculation as to what evidence could have been retained to still convict Hodge even if a successful suppression motion was filed by Hodge's counsel.

a. If counsel would have investigated the half sister being an agent of the government, the illegally obtained evidence would have been suppressed making any evidence collected at the Hodge's home fruits of the poisonous tree.

b. If counsel somehow lost the suppression of Hodge's half sisters cell phone evidence, he would have been successful getting the evidence from Hodge's home suppressed eliminating any nexus to the half sisters cell phone which would result in Hodge only maybe being charged with distributing. Also, Hodge could not have received the seven separate production charges without Hodge's computer because forensics would not have been able to determine the seven

different production dates on the photos time stamps since the photos his half sister allegedly had were third generation snap shots of Hodge's home computer screen. Without the computer with the photo CD in its tray that had the alleged illegal photos on it, the federal government loses jurisdiction to Hodge's case on the production charges.

    c. This court needs to look at the warrant affidavit closely and take notice of not only all of the electronics from Hodge's home that the police got the serial numbers off of, the make and models of each electronic, E-Machine computer with the alleged illegal photo disk in it, the silver Kodak camera used to take the photos, and the cell phone used to send the photos to the half sister, but also take notice of what the police listed as number 7 of the affidavit. It listed a silver dildo in which was never in any photo Hodge allegedly sent to his half sister before the police came to the Hodge's home. This proves that the police pre-searched Hodge's back bedroom closet before they got an actual warrant because they would have never known about the silver dildo unless the pre-searched first. (See Hodge's 2255 Memorandum of Law in support of argument).

5. a plea is not knowing when Hodge's counsel failed to advise Hodge of all the constitutional violations he endured prior to pleading guilty by the Evansville Police Dept. Not investigating these violations or one single document, warrant affidavit, report, or a single witness for a viable suppression motion is not effective assistance especially when Hodge was facing such a huge sentence anyway. (See Hodge's 2255 Memorandum of Law in support of argument).

6. ruling in error that one of Hodge's claims of ineffective assistance should have been raised on direct appeal. The court knows fully well that ineffective assistance claims are best raised in a 2255 motion regardless if Hodge could have raised it on direct appeal or not. Hodge's appeal attorney Elisabeth Pollack even wrote a letter telling the district judge she advised Hodge to save all of his ineffective claims for a 2255 motion. (See Hodge's 2255 Memorandum of Law in support of argument).

7. ruling in error that Hodge must have to admit he is innocent to benefit the protections of the Constitution of the United States. The court knows that the Constitution applies to the innocent and guilty alike. (See Hodge's 2255 Memorandum of Law in support of argument).

8. ruling in error that the Johnson language cant apply to Hodge's case involving being labeled a violent offender and applying the harm element to be able to stack all of Hodge's seven 2251 production charges on top of each other. Johnson ruled that just because a crime could involve violence and harm does not mean that there was any and those elements have to be proven in court before they are applied. At no point in

time did the court ever prove any violence or harm in Hodge's case and yet he was labeled a violent offender and used harm as a way to run seven production charges consecutively. Also the court avoided the issue as to what makes the 2251 statue a crime and that is purpose. All of the extra time added to Hodge's sentence that is connected to all of the enhancement points has nothing to do with what makes the 2251 statue a crime which makes it a vague statue. Being labeled a violent offender can make it almost impossible for Hodge to benefit from any law change that requires an offender to have a non violent charge to be able to take advantage of a sentence reduction. (See Hodge's 2255 Memorandum of Law in support of argument).

The Record

All of Mr. Hodge's claims have merit because all of his Fourth and Sixth amendment claims are on the record.

1. Agent of the government claim - See Ex-A on the first page of the stipulated factual basis where the Vanderburgh County Sheriff's Dept advised his half sister to see if she could get any evidence to incriminate himself and then call the police to report him as already argued in Hodge's 2255 Memorandum of Law.

2. The illegal seizure of the Hodge's in their own home - See Ex-E on the first page where it states the Hodge's were separated from each other.

3. The warrantless pre-search and seizure of evidence in the Hodge's home - See Ex-Z for gathered serial numbers of electronics and a silver dildo in which was in the back room

closet hidden in a towel on the top shelve that was in no photo evidence whatsoever or in any photo sent to his half sister before the police came to the Hodge's residence.

All of the above were actions by the police on Nov 27, 2010. No warrants even existed until Nov 28, 2010. No consent or exigent circumstances to search or seize ever existed or argued by the government.

The Petitioner hopes that this court will grant a COA to Hodge based on his arguments. The Petitioner also will supply this court with any additional materials or argument that it deems necessary for a prompt resolution of this application including his 2255 Memorandum if the court requires him to do so.

Conclusion

For the reasons stated above, Petitioner and Appellant Larry Everett Hodge respectfully requests that this court issue the requested Certificate of Appealability on all of the issues set forth in his application.

Dated: 5-23-18

By: *Larry E Hodge*

Larry Everett Hodge

09971-028

United States Penitentiary

PO Box 24550

Tucson, AZ 85734

-9-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

**FILED**

DEC 08 2011

U.S. CLERK'S OFFICE
EVANSVILLE, INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 3:11-cr-007-RLY-WGH-01 |
| LARRY EVERETT HODGE, | ) |
| Defendant. | ) |



GOVERNMENT EXHIBIT A

## STIPULATED FACTUAL BASIS OF THE PARTIES

Comes now the United States of America, by counsel, Joseph H. Hogsett, United States Attorney for the Southern District of Indiana, and Todd S. Shellenbarger, Assistant United States Attorney, and the Defendant, LARRY EVERETT HODGE, in person and by counsel, Glenn A. Grampp, and file this Stipulated Factual Basis of the Parties:

1.  The case came to the attention of the Evansville Police Department after LARRY EVERETT HODGE connected with a past associate using Facebook. The two had not communicated with each other in several years. They exchanged cell phone numbers and LARRY EVERETT HODGE started sending text messages to the associate. The subject of the text messages soon turned to sex. LARRY EVERETT HODGE sent a series of sexually explicit images depicting a minor attached to cell phone text messages under the general heading of "look at the crazy stuff I'm into." The associate was shocked and asked a civilian employee of the Vanderburgh County Sheriff's Department what she should do. She was advised to keep communicating with LARRY EVERETT HODGE to see if HODGE would say something that could be used to identify the victim and then make a police report.



Agent of the Government
Without a Warrant

Ex-A

*✓ Date of violation*

→ 2.　On November 27, 2010, the witness called the Evansville Police Department to report the child abuse she had accumulated evidence of on her cell phone. Patrol officers responded to the call and viewed the images on the cell phone. Later investigation established that a Motorola cellular telephone was used by LARRY EVERETT HODGE to send images to the witness. Child abuse detectives were contacted to initiate an investigation. LARRY EVERETT HODGE was identified and his address was located. Detectives went to LARRY EVERETT HODGE's residence and located LARRY EVERETT

*✓ Seizure without warrant*

→ HODGE and ▓▓ Hodge. The two were separated and questioned. It was immediately apparent that both knew about the abuse of the child in the text message pictures sent by LARRY EVERETT HODGE. The child was identified as the ▓▓ year old niece of LARRY EVERETT HODGE.

*✓ Seizure*

→ 3.　Both Larry and ▓▓ Hodge were transported to the Evansville Police Department where they signed Miranda Waivers. Both submitted to video taped statements that contain confessions with some minimizing of the extent of the abuse. LARRY EVERETT HODGE admitted to engaging in ▓▓ sex with the victim and was arrested after the interview for child molestation. LARRY EVERETT HODGE identified himself engaged in ▓▓ sex with the victim in images that had been sent to the cellular telephone that was provided to investigators. The full extent of the abuse was later established during an examination of a Memorex data storage disc taken during a search of the HODGE residence. Both Hodges identified ▓▓ Hodge's brother-in-law, George K. ▓▓, as a person that received images of the victim and knew about the sexual abuse.

4.　Detectives went to George Jackson's apartment and questioned him about the victim. Jackson admitted knowledge of the sexual abuse and receipt of images of the victim. The computer he used to receive the images was voluntarily given to the detectives. Jackson submitted to a video taped statement in which he confesses to receiving sexually explicit images of the victim after signing a

**CASE SUPPLEMENTAL REPORT**

Printed: 11/28/2010 02:12

*NOT SUPERVISOR APPROVED*

8200210 11 MC 1404

Pages: 20

Evansville Police Department

OCA: **1026173**

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status: *CLEARED BY ARREST*      Case Mng Status: *NA*        Occured: *11/27/2010*

Offense: *CHILD MOLESTING [AF]*        ★ Date of Violations →

Investigator: *SCHROER, N. H. (2X1261)*     Date / Time: *11/28/2010 01:49:08, Sunday*  Date of affidavit

Supervisor: *(0)*                Supervisor Review Date / Time: *NOT REVIEWED*

Contact:                    Reference: *Affidavit Of Probable Cause*

VANDERBURGH SUPERIOR COURT
★ FILED ★

AFFIDAVIT OF PROBABLE CAUSE

NOV 29 2010

CASE NUMBER: 10-26173

Susan K. Kirk
CLERK

I, N. Schroer, believe that on or about the 1st day of November, 2010 at 1800 hundred hours at 3104 Monroe Avenue, in the City of Evansville, County of Vanderburgh, State of Indiana, the defendant, LARRY EVERETT HODGE, did commit the crime(s) of:

CT I   Child Molesting, CL. A          IC CODE: 35-42-4-3 13
CT II  Child Molesting, CL. A          IC CODE: 35-42-4-3 13
CT III Child Exploitation, CL. C       IC CODE: 35-42-4-4 11
CT IV  Child Exploitation, CL. C       IC CODE: 35-42-4-4 11

The undersigned, being a law enforcement officer with the Evansville Police Department, and being duly sworn upon his/her oath, states that the below information constitutes probable cause for the above crimes, incorporated herein is also any attached sheets which are made a part of this sworn affidavit:

On 11/27/10 I was contacted by EPD Sgt. Wittmer and instructed to come to an address on Adams. Once on scene I made contact with Officer Jeff Taylor. Taylor explained to me that a cooperative source had been in contact with LARRY EVERETT HODGE for about the past two days. Taylor stated that the two had exchange numerous text messages about sexually explicit acts. On 11/27/10 the C.S. began receiving photographs from HODGE that showed a pre-pubescent female that HODGE represented to by 8 years old and his niece J.G. The photos showed J.G. with sex toys inserted in her mouth and anus. There were 21 sexually explicit photographs on the phone. One photograph also show a male penis in her mouth.

EPD Officers made contact with HODGE at his home at 3104 Monroe Avenue. Also at the home was LARRY'S wife EMMA HODGE. Schroer seperated LARRY and EMMA. EMMA admitted to Schroer that she knew about sexual photographs of J.G. She confirmed that J.G. was 8 years old and that she was LARRY'S niece. EMMA and LARRY were transported to EPD HQ for separate interviews.

Schroer read EMMA a written statement of her miranda rights. EMMA stated that she understood her rights and signed a waiver of them. EMMA told Schroer that she had also posed in some photos with EMMA. She stated that the photos were taken by LARRY about a month to a month and one half ago. EMMA futher stated that the dildos used in the photographs belonged to her. EMMA identified the female in the photos as 8 year old J.G. She also stated that the penis in one of the photographs appeared to be LARRY'S penis.

r_supp3

Illegal Seizure of the Hodges Without a Warrant

Ex-E

Page 6

*Evansville Police Department*                                    OCA: **1026173**

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

**Case Status:** *CLEARED BY ARREST*      **Case Mng Status:** *NA*        **Occured:** *11/27/2010*

**Offense:** *CHILD MOLESTING [AF]*

**Investigator:** *SCHROER, N. H. (2X1261)*       **Date / Time:** *11/28/2010 01:49:08, Sunday*

**Supervisor:** *(0)*                             **Supervisor Review Date / Time:** *NOT REVIEWED*

**Contact:**                                      **Reference:** *Affidavit Of Probable Cause*

---

Schroer then read LARRY a written statement of his miranda rights. LARRY stated that he understood her rights and signed a waiver of them. LARRY told Schroer that he had posed his niece J.G. in various poses while she was naked. He admitted to having her put dildos in her mouth and one in the very tip of her anus. He further stated that he has put his penis in her mouth on at least two occasions. LARRY looked at some of the photographs. He identified the female as 8 year old J.G. He also stated that it was his penis in her mouth. LARRY stated that all these acts happened at 3104 Monroe. He also stated that this began about 2 years ago. He stated that the photos that were viewed on the cell phone were taken about 3 to 4 weeks prior. LARRY stated that it probably happened on a Monday because he would often pick J.G. up from school on Mondays and take her back to his home.

Your affiant believes that any person who supplied the above information to your affiant speaks from personal knowledge and observation and are reliable and credible inasmuch as they volunteered information to your affiant in the course of your affiant's investigation as a law enforcement officer. Your affiant believes there is a factual basis for the above information as your affiant's personal observation corroborated said information.

I affirm under the penalties of perjury that the foregoing representations are true to the best of my knowledge.

Affiant: N. Schroer _____  Date:[11/28/2010 02:05, NSCHROER, 241, EPD]

COURT DETERMINATION OF PROBABLE CAUSE

CASE NUMBER: {10-26173}

The Court having examined the above Affidavit of Probable Cause hereby finds that there is not Probable Cause to order the defendant bound over and the defendant is to be released forthwith, and any bond posted by the defendant herein to be released.

JUDGE: _____

The Court having examined the above Affidavit of Probable Cause hereby finds that there is Probable Cause to establish that the defendant committed the offense(s) of { _all Count_ } this { 28 } day of { Nov } 20{11}, and the defendant is ordered held in the Vanderburgh County Jail until the { 1 } day of { Dec }, 20{10}, at { 1:30 }.

Ex-E                                                                        Page 7

*Evansville Police Department*                                                                  OCA: **1026173**

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

**Case Status:** *CLEARED BY ARREST*   **Case Mng Status:** *NA*        **Occured:** *11/27/2010*

**Offense:** ~~CHILD MOLESTING~~ *[AF]*

**Investigator:** *SCHROER, N. H. (2X1261)*       **Date / Time:** *11/28/2010 01:49:08, Sunday*

**Supervisor:** *(0)*                              **Supervisor Review Date / Time:** *NOT REVIEWED*

**Contact:**                                       **Reference:** *Affidavit Of Probable Cause*

---

o`clock {A}M by which time the State of Indiana is to file formal charges herein, and the defendant`s bond is set in the amount of {$_____}, defendant is ordered to appear for the initial hearing on the {_____} day of {_____}, 20{__}, at {_____}/o`clock {_}M.

JUDGE: _____                              Superior Court

PROOF OF SERVICE

    I hereby certify that I have served a true copy of the foregoing motion upon the U.S. Attorneys office and an original copy to the Circuit Court by placing said in his prisons U.S. mail system, first class postage prepaid and properly addressed on this  23rd  day of  May , 2018

Larry Everett Hodge

09971-028

United States Penitentiary

PO Box 24550

Tucson, AZ 85734

STATE OF INDIANA           )
COUNTY OF VANDERBURGH      )

## AFFIDAVIT FOR SEARCH WARRANT

Bryan Brown, being a Detective with the Evansville Police Department, after having first been duly sworn upon his oath, swears that he believes and has good and probable cause to believe that property constituting fruits, instrumentalities and evidence of the crime(s) of **Child Molestation and Child Exploitation/Production and/or Possession of Child Pornography**, said evidence being more particularly described as follows:

→ 1. permission to seize and search an Emachines T2460 Desktop Computer with serial number CBM2C 900 11102 to look for any images, files, messages or postings related to child molestation, exploitation or pornography;

→ 2. permission to seize and search a Toshiba laptop computer with model number PSKOQU-00K001 and serial number 4A191101W to look for any images, files, messages or postings related to child molestation, exploitation or pornography;

→ 3. permission to seize and search a silver Kodak Easyshare C530 digital camera with serial number KCGEU61602871 to look for any images, files, messages or postings related to child molestation, exploitation or pornography;

→ 4. permission to seize and search an AT&T Motorola cell phone model BZ60 with unknown serial number to look for any images, files, messages or postings related to child molestation, exploitation or pornography;

5. permission to seize and search any other Computers found in the residence to look for any images, files, messages or postings related to child molestation, exploitation or pornography;

6. Digital storage media and the digital content to include but not limited to floppy disks, hard drives, tapes, DVD disks, CD-ROM disks, flash storage or other magnetic, optical or mechanical storage which can be accessed by computers to

*[Handwritten annotation:]* Illegal pre-search of items Ex-Z such as all electronics and silver hidden dildo not in any photo.

store or retrieve data or images to look for any images, files, messages or postings related to child molestation, exploitation or pornography;

→ 7. A flesh and orange colored dildo/vibrator and a <u>silver colored dildo</u>/vibrator;

8. White ropes;

9. Indicia of occupancy, residency or ownership such as mail, identification cards, letters, photographs or other written material which may list all persons either residing within or who have a property interest in the above listed premises; (Said items will be subjected to an in-depth forensic examination of the data by use of specialized software and techniques accepted by the computer forensic scientific community)

are being concealed in or about the premises known as **3104 Monroe Avenue**, being more particularly described as a single family, two bedroom residence with a basement and a single car detached garage. The house is stone/brick on the bottom half and white siding on the top half. There are two windows on the front of the house separated by a chimney. The door to the house is on the west side of the residence. There is a porch on the west side of the house that leads up to the door of the house. The numbers 3104 are affixed on near the top of the porch. The detached garage is white siding also with a single large garage door facing south. The residence and the garage sit on the north side of Monroe Avenue and face south.

<u>Your affiant bases his belief on the following:</u>

Date of Violations → On <u>11/27/10</u> Detective Schroer was contacted by Sgt. Wittmer and told to come to an address on Adams Avenue. Schroer learned that a cooperative source had reported to police that they had received text messages and photographs from LARRY EVERETT HODGE that were of

Ex-2

concern and police were contacted. An investigation was begun and revealed that the pictures were of a pre-pubescent female who was nude and in various sexual poses. The juvenile female was determined to be J.G. Investigation determined further that she is currently 8 year of age. The photos included J.G. nude with didlos, nude with what appeared to be ejaculate on her body and J.G. with and adult male penis in her mouth.

Hodge was found by EPD Officers at his home located at 3104 Monroe Avenue. Also in the home was his wife EMMA DELL HODGE (FOLSOM). Schroer spoke to EMMA in a room apart from LARRY in the presence of Officer S. Chapman. EMMA admitted that she knew about LARRY and J.G. Schroer then advised EMMA of her Miranda Rights. EMMA waived her rights and gave Schroer a videotaped statement at EPD Headquarters. In the statement EMMA stated that she has posed in naked photographs with J.G. while LARRY took the photos. She also admitted to having sexual intercourse with LARRY while J.G. was in the bed with her. EMMA stated that she has personally seen nude pictures of J.G. and other child pornography on LARRY'S computer (an Emachine model kept in the home on Monroe) with the past month to month and a half. EMMA also stated that during the acts with J.G., sex toys such as dildos were used at times and the dildos used on J.G. belong to her and are in the home at 3104 Monroe.

Schroer then spoke to LARRY. He was advised of his Miranda Rights and waived those rights. He told Schroer that he had engaged in sex acts with 8 year old J.G. at 3104 Monroe over the past two years. He stated that he stored photographs of these encounters on a CDR in his home and used his home computer to send the pictures to other people. LARRY stated that he took the photographs with his Kodak silver digital camera. LARRY said that ropes he used for tying up J.G. during the sex acts were in the basement of his home. LARRY also stated that the dildos used on J.G. are at 3104 Monroe. At the time Officers made contact with LARRY he was

Ex-2

in possession of a silver AT&T Motorola phone.

LARRY viewed various images collected by law enforcement when responding to the call at Adams Avenue (the images he was reported to have sent to the initial reporting party). He stated that the images were in fact of 8 year old J.G. and himself. He further stated that it was his penis in her mouth.

Your affiant further states that he requests a Search Warrant authorizing members of the Evansville Police Department to conduct a search of **3104 Monroe Avenue** based on the information described above.

Your affiant speaks from personal knowledge and observation and believes that those mentioned speak from personal knowledge and observation and are reliable and credible in that they voluntarily relayed the above information to either your affiant or other law enforcement officers during the course of their duties as law enforcement officers in an effort to aid in the investigation of this offense. Your affiant believes there is a factual basis for the above in that the information given by each of the individuals is corroborated by that given by the other.

WHEREFORE, your affiant believes and has good and probable cause to believe that the above described property constituting fruits, instrumentalities and evidence of the aforesaid crime(s) of **Child Molestation and Child Exploitation/Production and/or Possession of Child Pornography**, are being concealed in or about the premises of **3104 Monroe Avenue**.

This Affidavit is made for the sole purpose of obtaining a Search Warrant.

_____
Bryan Brown, AFFIANT

Ex-2

STATE OF INDIANA )
) SS:
COUNTY OF VANDERBURGH )

SUBSCRIBED AND SWORN to before me, a Judge, in and for said County and State, on the __28__ th day __NOV__, 2010 at __3:00__ (A.M.)/P.M.

Date of affidavit ↗

_____
Judge
County of Residence: Vanderburgh

Ex-2